IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WINSTON SATTERWHITE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-3576-G-BN |
| | § | |
| PPG (PITTSBURG PLATE & GLASS), | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Winston Satterwhite has filed a *pro se* action against his former employer, Defendant PPG (Pittsburg [sic] Plate and Glass), asserting that PPG violated its company policies and fired him unjustly. *See* Dkt. No. 3. His case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish. Through a separate order, the Court will grant Satterwhite leave to proceed *in forma pauperis* ("IFP"). And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the complaint without prejudice for the reasons and to the extent outlined below.

**Legal Standards**

A district court is required to screen a civil action filed IFP and may summarily dismiss that action, or any portion of the action, if, for example, it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). "The language of §

1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

And "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006) (citing, in turn, *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984))), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177 (quoting, in turn, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)); citation omitted). The United States Court of Appeals for Fifth Circuit has "suggested that fairness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007) (quoting, in turn, *Carroll*, 470 F.3d at 1177); internal quotation marks and brackets omitted). These findings, conclusions, and recommendations provides notice, and the period for filing objections to them affords an opportunity to respond. *See, e.g., Starrett*, 2018 WL 6069969, at *2 (citations omitted)).

Dismissal for failure to state a claim under either Rule 12(b)(6) or Section

1915(e)(2)(B)(ii) "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), as neither the IFP statute nor the Federal Rules of Civil Procedure "countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11.

Instead, plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Id.* at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* And "[a] claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v.*

*Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

This rationale has even more force here, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)). But "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). "To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff' and would "transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of*

*Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.'" *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). But leave to amend is not required where an amendment would be futile, *i.e.,* "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion," *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)), or where a plaintiff has already amended his claims, *see Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a *pro se* litigant to develop the factual basis for his complaint." (citation omitted)).

## Analysis

Satterwhite alleges that, when he started working at PPG in July 2020, he never received an orientation and was therefore never "made aware of medical benefits, life insurance," "vacation time, [and] PTO days." Dkt. No. 3 at 1. He then alleges that he "informed human resources of time I would need off due to my mothers' illness and they said it would be ok for me to take off. When the time came that I needed off, I was terminated." *Id.* He also alleges that he never received his August 27, 2020 paycheck. *See id.* And he received a right to sue letter from the EEOC on September 9, 2020. *See id.* at 3.

First, Satterwhite cannot base a claim of employment discrimination just on an allegation that PPG violated its own policies, as, "[s]tanding alone, deviation from a company policy does not demonstrate discriminatory animus." *Mitchell v. USBI Co.*, 186 F.3d 1352, 1355-56 (11th Cir. 1999) (per curiam) (citing *EEOC v. Tex. Instruments Inc.*, 100 F.3d 1173, 1182 (5th Cir. 1996); *Friedel v. City of Madison*, 832 F.2d 965, 973 (7th Cir. 1987); *Berg v. Fla. Dep't of Labor & Emp't Sec.*, 163 F.3d 1251, 1255 (11th Cir. 1998)); *see, e.g.*, *Friedel*, 832 F.2d at 973 ("[A]s a matter of law, plaintiffs cannot establish liability simply by showing that the Department was unclear in its cheating policy. Nor could they establish liability even by showing that the Department dismissed the plaintiffs because it unintentionally or inaccurately misapplied its own cheating policy." (citations omitted)); *see also Williams v. Ala. Indus. Dev. Training*, 146 F. Supp. 2d 1214, 1223 (M.D. Ala. 2001) ("Moreover, '[n]either sections 1981 and 1983 nor Title VII makes an employer liable for simply erroneous or arbitrary decisions.' The issue is whether the employer misapplied the policy in a disparate manner with an invidious intent. Without evidence that the policy manual's 'due process' section was ever followed in the first place, much less enforced in a disparate manner, Williams's argument is doomed." (quoting *Friedel*, 832 F.2d at 973, then citing *Mitchell*, 186 F.3d at 1355-56; *Berg*, 163 F.3d at 1255)).

And his allegations do not show or raise an inference that Satterwhite was terminated or otherwise discriminated <u>because of</u> a protected status, such as race or – since he mentions the need to take time off to care for his mother – being protected by the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* (the "FMLA").

To the extent that Satterwhite alleges wrongful termination or discrimination under, for example, Title VII of the Civil Rights Act of 1964, the prima facie elements of such a claim are that he

> (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group.

*McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (citing *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 405 (5th Cir. 2005)).

Likewise, "[i]n the retaliation context, a *prima facie* case requires a showing that (1) [Satterwhite] engaged in a protected activity pursuant to one of the statutes, (2) an adverse employment action occurred, and (3) there exists a causal link connecting the protected activity to the adverse employment action." *Munoz v. Seton Healthcare, Inc.*, 557 F. App'x 314, 321 (5th Cir. 2014) (citation omitted).

And, similarly,

> [p]ursuant to the FMLA, "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12–month period ... [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). The FMLA protects employees from interference with their leave, as well as discrimination or retaliation for exercising their rights. 29 U.S.C. §§ 2615(a)(1)-(2). To establish a prima facie case for discrimination or retaliation under the FMLA, a plaintiff must demonstrate that she is protected under the FMLA; she suffered an adverse employment decision; and that she was treated less favorably than an employee who had not requested leave under the FMLA or that the adverse decision was made because of her request for leave. *Bocalbos v. Nat'l Western Life Ins. Co.*, 162 F.3d 379, 384 (5th Cir. 1998).

*Comeaux-Bisor v. YMCA of Greater Houston*, 290 F. App'x 722, 724-25 (5th Cir. 2008) (per curiam).

- 7 -

A plaintiff need not establish a prima facie case in order to survive judicial screening under Section 1915(e)(2)(B). *Cf. Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019); *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). But a plaintiff must "plead sufficient facts on all of the ultimate elements of [her] claim to make [her] case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (citations omitted); *see also Meadows v. City of Crowley*, 731 F. App'x 317, 318 (5th Cir. 2018) (per curiam) ("*Raj*, however, does not exempt a plaintiff from alleging facts sufficient to establish the elements of her claims." (citations omitted)).

So, under Section 1915(e)(2)(B)(ii), the Court must ask whether Satterwhite has provided enough facts to allege an actionable claim of either employment discrimination or retaliation. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002). And, if he "has not pled such facts," it is "proper[ to] dismiss [his] complaint." *Meadows*, 731 F. App'x at 318; *see also Cicalese*, 924 F.3d at 766-67 (noting that the district court's "task is to identify the ultimate elements of [the applicable employment-related] claim and then determine whether the" plaintiff has pled those elements but that a "district court err[s if it] require[es a plaintiff] to plead something beyond those elements to survive a motion to dismiss").

So far, Satterwhite has not pled "sufficient facts on all of the ultimate elements" required to allege plausible discrimination or retaliation claims. *Chhim*, 836 F.3d at 470. His claims as currently pled are therefore subject to dismissal. And, because the Court is "not bound to accept as true a legal conclusion couched as a

factual allegation," *Iqbal*, 556 U.S. at 678, if Satterwhite elects to file an amended complaint, he must allege enough facts to support all ultimate elements of a claim of employment-related discrimination or retaliation (if he intends to make either claim here).

Further, should Satterwhite elect to file an amended complaint, he must file it in the proper venue. His complaint identifies his residence as in Dallas County but indicated that the defendant is in Denton and/or Tarrant County. *See* Dkt. No. 3 at 4. Satterwhite has thus filed this case in the federal district and division in which he resides, but this venue may not be proper for this apparent employment discrimination case. *See* 28 U.S.C. § 1391(b); 42 U.S.C. § 2000e-5(f)(3).

In sum, the complaint as filed should be dismissed without prejudice to Satterwhite's ability to file, in a proper venue and within a reasonable time to be set by the Court, an amended complaint that cures the deficiencies identified above.

## Recommendation

The Court should dismiss Plaintiff Winston Satterwhite's complaint without prejudice to his filing in the proper venue and within a reasonable time to be set by the Court an amended complaint that cures, where possible, the deficiencies outlined in these findings, conclusions, and recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV.

P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

     DATED: December 8, 2020

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE